```
      IN THE UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF ARKANSAS
               FAYETTEVILLE DIVISION
```

**ASSEFA GABREL EGZIABHER, JR.**                            **PLAINTIFF**

v.                       Civil No. 5:11-cv-5088

**CHARLES M. DUELL ET AL.**                                **DEFENDANTS**

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a resident of Fayetteville, Arkansas, has filed a pleading by using a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP"). (Doc. 2). Plaintiff's Motion to Proceed IFP was granted on April 5, 2011. (Doc. 3).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A. For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A.

### I. BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint. (Doc. 1). Plaintiff states he is suing Charles Duell, a deputy prosecutor in the Washington County Prosecutor's Office. (Id. at ¶ VII.) Plaintiff states he was arrested on February 24, 2010, for possession of drug paraphernalia with intent to manufacture methamphetamine. (Id.) Plaintiff states he possessed a pocket knife, a cell phone, a black wallet, and a can of coffee

at the time of his arrest, and that the paraphernalia underlying his criminal charge was seized prior to his arrest, on February 19, 2010, and was disposed of on that same date. (Id.) Further, Plaintiff alleges the paraphernalia items were seized without his presence and he did not own, rent, lease or reside at the address where the items were seized. (Id.) Plaintiff was formally charged on April 6, 2010, and on July 19, 2010, an Order for *nolle prosequi* was filed on the charges. (Doc. 1).

## II.  APPLICABLE LAW

Because Plaintiff was a prisoner at the time of filing this action, and he is seeking redress from governmental agents and entities, his Complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a). That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if

proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); see also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F. Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

**III.    DISCUSSION**

In this case, the Complaint (Doc. 1) fails to state a claim on which relief may be granted under the Constitution or laws of the United States. See 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff

has named as a defendant an individual who is immune from suit.

### A. Defendant Duell

Defendant Duell was a prosecuting attorney in Plaintiff's state criminal case. The United States Supreme Court, in <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." <u>Id.</u> at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." <u>Id.</u> at 430; <u>see also</u> <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding. Therefore, it is clear the defendant prosecuting attorney is entitled to absolute immunity in this case. <u>See e.g.</u>, <u>Brodnicki v. City of Omaha</u>, 75 F.3d 1261 (8th Cir. 1996), <u>cert. denied</u>, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case. While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, <u>see</u> <u>Pulliam v. Allen</u>, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to

be illegal will recur. Plaintiff does not allege such facts in this case. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. Id. at 542 & n.22; see also Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). Clearly, Plaintiff has adequate remedies available to him through the state courts as discussed below.

**B. Claims of Malicious Prosecution and False Imprisonment**

Even if Plaintiff's Complaint could be construed to include state claims of malicious prosecution and false imprisonment against Defendant Duell, such claims would fail to state a claim under Section 1983.

The Eighth Circuit has held that "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." King v. Beavers, 148 F.3d 1031, 1034 (8th Cir. 1998), cert. denied, 525 U.S. 1002 (1998) (quoting Baker v. McCollan, 443 U.S. 137, 145 (1979)) (internal quotation marks omitted).

Likewise, Plaintiff's complaint seeks to bring a claim against the Defendant pursuant to 42 U.S.C. § 1983 for malicious prosecution. However, "section 1983 is not itself a source of substantive rights." Albright v. Oliver, 510 U.S. 266, 271 (1994)(internal quotations omitted). Much like the scenario in Albright, Plaintiff's claim here is one of infringement of substantive due process rights to be free of prosecution without probable cause. Courts in this district have refrained from

-5-

invoking section 1983 in cases with similar facts because Arkansas, like Illinois in the <u>Albright</u> decision, provides a tort remedy for malicious prosecution.  <u>See</u> <u>Osborne v. Howard</u>, 844 F. Supp. 511 (W.D. Ark. Feb. 23, 1994), <u>citing</u> <u>Miles v.. Southern</u>, 760 S.W.2d 868 (1998) (setting forth the elements of a common-law claim of malicious prosecution). "The general rule is that an action for malicious prosecution does not state a claim of constitutional injury." <u>Technical Ordnance, Inc. v. United States</u>, 244 F.3d 641 (8th Cir. 2001), <u>citing</u> <u>Pace v. City of Des Moines</u>, 201 F.3d 1050, 1055 (8th Cir. 2000). Plaintiff's claims should be, therefore, dismissed without prejudice to his right to pursue these claims in state court pursuant to state common-law principles of malicious prosecution.

### C. Duplicative Action

Furthermore, Plaintiff's Complaint (Doc.  1) is essentially duplicative to a previous action filed in this district by Plaintiff and subsequently dismissed by the Court prior to service. <u>See</u> <u>Egziabher v. Duell, et al.</u>; Case No. 10-cv-5259-JLH-ELS, W.D. Ark.  2010.  Therein Plaintiff made identical allegations and complaints regarding Defendant Duell.

It is well-settled that duplicative actions may be properly dismissed as frivolous or malicious under § 1915(e). <u>See</u> <u>Patel v. Prince</u>, 276 Fed. Appx. 531 (8th Cir. 2008) (unpublished per curiam) (stating general rule that the test for determining duplicative litigation "is whether parties, issues, and available relief do not significantly differ between two actions"); <u>Spurlock v. Cockrell</u>,

186 Fed. Appx. 472 (5th Cir. 2006) (duplicative § 1983 claims were properly dismissed by the district court as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); Cottle v. Bell, 229 F.3d 1142 (4th Cir.2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)").

The parties, claims, issues, and relief sought in Plaintiff's Complaint are essentially identical to those previously asserted by Plaintiff in No. 5:10-cv-5259. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court recommends that this action be dismissed.

### D. Plaintiff's Motion to Amend

The Court notes that Plaintiff has filed a Motion to Amend (Doc. 5), his Complaint. In this Motion, Plaintiff states he is seeking to add Det. Greg Lovett and Ptl. Parks as Defendants for arresting him without a warrant and without probable cause. The Court will issue a separate Order regarding Plaintiff's Motion to Amend.

### III. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (Doc. 1) as to Defendant Charles M. Duell be dismissed.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of**

fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 13th day of September 2011.

                                                  /s/ ERIN L. SETSER
                                                HON. ERIN L. SETSER
                                                U.S. MAGISTRATE JUDGE