IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSEFA GABREL EGZIABHER                                                             PLAINTIFF

v.                              Civil No.  11-5088

OFFICER PAT PARKS; and
DETECTIVE GREG LOVETT                                                               DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Assefa Egziabher, pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff, who is incarcerated in the Washington County Detention Center, proceeds *pro se* and *in forma pauperis.*

Defendant Michael Parks has filed a motion to dismiss (Doc. 20) for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff has not responded to the motion to dismiss.

**Background**

According to the allegations of the complaint (Doc. 1) and supplements thereto (Doc. 6 & (Doc. 14), on February 19, 2010, Officer Parks and Officer Jeffries responded to 203 Adobe Street in Fayetteville, Arkansas, as a result of a complaint regarding suspected drug manufacturing.[1]  Specifically, the neighbor reported that an individual at 203 Adobe was attempting to manufacture methamphetamine. The officers found a pile of mens clothing and several chemical items commonly used to manufacture

---

[1] Consideration of a motion under Rule 12(b)(6) is limited to the initial pleadings.  Van Zee v. Hanson, 630 F.3d 1126, 1129 (8th Cir. 2011).  However, the Court may "consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings."  Noble Systems Corp. v. Alorica Central, LLC, 543 F.3d 978, 982 (8th Cir. 2008).  In this case, Plaintiff attached to his complaint and supplements thereto all documents considered by the Court.  Moreover, the documents are from Plaintiff's criminal case and are therefore part of the public record.

methamphetamine including paint thinner, drain cleaner, muriatic acid and empty boxes of allergy/cold medicine.

The apartment resident, Charity Gore, stated that the Plaintiff had brought the clothing and chemical items and left them there. She reported that Plaintiff was not welcome there but nevertheless would turn up uninvited. The chemicals were seized. Plaintiff alleges the seized items were disposed of that same day.

On February 24th, Plaintiff was arrested by Fayetteville Police Officer Parks and charged with the possession of drug paraphernalia with intent to manufacture methamphetamine. Plaintiff alleges that Detective Lovett "unlawfully authorized" Parks to make the arrest "without a warrant or probable cause." (Doc. 5).

Plaintiff maintains there was no probable cause for the charge. A felony information was filed in the Circuit Court of Washington County on April 21st. On July 19th, an order for nolle prosequi was entered. As relief, Plaintiff asks for the maximum relief available.

**Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the

misconduct alleged." Iqbal, 129 S. Ct. at 1949; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

**Discussion**

Separate Defendant Parks contends that the arrest on February 24th was supported by probable cause. I agree.

In Baker v. McCollan, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law."

Id., 443 U.S. at 145-46.

"Probable cause exists if the totality of the facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed . . . an offense." Flynn v. Brown, 395 F.3d 842, 844 (8th Cir. 2005)(internal quotation marks and citations omitted). "[D]etermining if probable cause exists is not an exact science," Brodnicki v. City of Omaha, 73 F.3d 1261, 1265 (8th Cir. 1996), however, viewing the facts as a whole at the time of Plaintiff's arrest, I believe a prudent person would have been justified in believing Plaintiff had committed the offense of possession of drug paraphernalia with intent to manufacture methamphetamine. Plaintiff was identified by the apartment resident; the materials in question were identified as belonging to Plaintiff; and a neighbor reported Plaintiff was engaged in the attempted manufacture of methamphetamine. There is

no evidence of a Fourth Amendment violation. See Sheets v. Butera, 389 F.3d 772, 778 (8th Cir. 2004); see also Anderson v. Larson, 327 F.3d 762, 770 (8th Cir. 2003)(A claim of false arrest brought pursuant to § 1983 fails if the officer had probable cause to make the arrest); Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001)("[A] false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest. Since the record adequately supports the conclusion that the police officers had probable cause to arrest Kurtz for tampering, plaintiffs' allegations of false arrest fail to establish a civil rights violation.").

Having found there was probable cause for the arrest, the claim against Lovett also fails as a matter of law. Plaintiff has made essentially the same allegations against both Parks and Lovett. The Court may *sua sponte* dismiss a Defendant who did not join in the motion. Taylor v. Acxiom Corp., 612 F.3d 325, 340 (5th Cir. 2010). "[T]here is no prejudice to the plaintiff[] . . . because the plaintiff[] make[s] the same allegations against all defendants." Id.

### Conclusion

I therefore recommend that the this case be dismissed with prejudice in its entirety.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE