IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ASSEFA GABREL EGZIABHER, JR.                              PLAINTIFF

        v.                    Civil No. 11-5088

OFFICER PAT PARKS; and
DETECTIVE GREG LOVETT                                     DEFENDANTS

<u>O R D E R</u>

NOW on this 16th day of March 2012, comes on for consideration the **Report and Recommendation of the Magistrate Judge** (Doc. 31) and plaintiff's objection thereto (Doc. 32). The Court, being well and sufficiently advised, finds and orders as follows:

1.   Plaintiff is proceeding *pro se* in this case.  He filed this lawsuit on April 5, 2011, against Charles Duell, Washington County Deputy Prosecuting Attorney[1]; Officer Pat Parks, Fayetteville Police Department; and Detective Greg Lovett.

Plaintiff was arrested without a warrant on February 24, 2010, and charged by a felony information on April 21, 2010, with possession of drug paraphernalia with the intent to manufacture in violation of Ark. Code Ann. 5-64-403.[2]

---

[1]   The Court previously dismissed Charles Duell from this case because he is immune from suit.  *See* Order filed October 17, 2011 (Doc. 27).

[2]   This section was rewritten in 2011.  *See* Acts 2011, No. 570.

On July 19, 2012, the Washington County Circuit Court determined that there was insufficient evidence for trial and entered an Order for Nolle Prosequi.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging that there was a lack of probable cause for his arrest.

2.   Defendant Parks filed his answer to the complaint on October 4, 2011.

3.   On October 10, 2011, Defendant Parks filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

4.   This matter was referred to the Magistrate Judge who filed her Report and Recommendation on February 29, 2012, in which she found that the record adequately supported the conclusion that there was probable cause for plaintiff's arrest and, accordingly, recommended that the Court dismiss plaintiff's case.

5.   As set forth in Fed. R. Civ. P. 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."

Further, a party may assert certain defenses by motion, including the defense of failure to state a claim upon which relief can be granted, as provided by Fed. R. Civ. P. 12(b)(6).

A motion asserting a defense under 12(b)(6), however, "must be made before pleading if a responsive pleading is allowed. In this case, defendant filed his answer on October 4 and asserted the defense of failure to state a claim upon which relief can be

granted.   Once defendant filed an answer to the complaint, he "technically" cannot file a Rule 12(b)(6) motion to dismiss.  *See Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  Rather, Rule 12(c) provides that "[a]fter the pleadings are closed  . . . a party may move for judgment on the pleadings."

The distinction between a Rule 12(b)(6) motion and a Rule 12(c) motion is "purely formal."  *Westcott*, 901 F.2d at 1488.  Indeed, the standard of review under a Rule 12(b)(6) motion and a Rule 12(c) motion are the same, *i.e.,* the Court must assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.  *See Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 981 (8th Cir. 2008).

The Magistrate Judge analyzed the motion brought by defendant as a Rule 12(b)(6) motion.  Although, as noted, the motion should have been made as a Rule 12(c) motion, the distinction is formal only, and the Magistrate Judge applied the correct standard of review.  Accordingly, the Court will treat the motion as a Rule 12(c) motion for judgment on the pleadings and deal with it as such.

6. In reviewing the factual allegations, the Magistrate Judge pointed to the following facts that led up to plaintiff's arrest:[3]

\* the police received complaints about a man attempting to manufacture methamphetamine at the apartment of Charity Gore;

\* the police went to the apartment and found a pile of men's clothing along with items commonly used to manufacture methamphetamine;

\* Ms. Gore identified plaintiff as the owner of the drug paraphernalia; and

\* while the police were talking to Ms. Gore, she received a call from plaintiff and Ms. Gore stated that plaintiff told her he was close by and "not to say anything" to the police.

Based on these facts, the Magistrate Judge found that the record clearly supported the conclusion that the police had probable cause to arrest plaintiff for possession of drug paraphernalia with the intent to manufacture. Therefore, the Magistrate Judge recommended that the Court grant Officer Parks' motion to dismiss and to *sua sponte* dismiss defendant Greg Lovett as plaintiff's allegations against Parks are the same as against Lovett.

---

[3]     The Magistrate Judge properly considered certain additional documents in reviewing the motion to dismiss because such documents were public records from plaintiff's criminal case that were submitted by him as part of his complaint. *See Noble Sys. Corp.*, 543 F.3d at 982.

7.    Plaintiff has objected to the Report and Recommendation. Plaintiff asserts that he has presented sufficient factual allegations that Officer Parks did not have probable cause to arrest him because he was absent at the time of the seizure of the drug paraphernalia, there were no written statements made by the neighbor about his suspected drug manufacturing, no recorded phone calls and the police did not arrest Ms. Gore.

8.    "A warrantless arrest is reasonable under the Fourth Amendment where it is support by probable cause." *Bernini v. City of St. Paul*, 665 F.3d 997, 1003 (8th Cir. 2012) (internal citation omitted).  "Probable cause exists when the facts and circumstances within an officer's knowledge are sufficient to lead a reasonable person of reasonable caution to believe that the suspect has committed or is committing a crime."  *Id.* (internal citation omitted).

Plaintiff has cited no authority for his proposition that, to have probable cause, a police officer must personally witness a violation of the law[4], or that there must be written statements or recorded phone calls to support the belief that a person has committed or is committing a crime.

_____

[4]    The Court notes that under Arkansas Rule of Criminal Procedure 4.1, a police officer may arrest a person without a warrant if the officer has reasonable cause to believe that such person has committed a felony.  The felony does not have to occur in the officer's presence.

9.   Here, plaintiff does not dispute the fact that the police received a complaint that a man at Ms. Gore's apartment was attempting to manufacture methamphetamine; that Ms. Gore identified the paraphernalia at her apartment as belonging to plaintiff; and that Ms. Gore told the police that plaintiff called her and told her "not to say anything" to the police.

The Court finds that, even assuming plaintiff's allegations are true and drawing all reasonable inferences in his favor, no reasonable juror could find that the defendants lacked probable cause to arrest plaintiff based on the facts and circumstances they knew at the time.  Therefore, the Court finds that plaintiff has failed to state a claim under § 1983 that there was a lack of probable cause for his arrest.

**IT IS THEREFORE ORDERED** that plaintiff's objections are **overruled.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation is **adopted in *toto.***

**IT IS FURTHER ORDERED** that defendant's **motion to dismiss (Doc. 20)** is granted and plaintiff's case is **dismissed with prejudice.**

**IT IS SO ORDERED.**

/s/ Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE